**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ' | |
| | ' | |
| **V.** | ' | **No. SA-22-CR-408-XR** |
| | ' | |
| **Elberto Roy Trevino, Jr.** | ' | |

**ORDER**

Upon motion of the Defendant (Dkt. No. 73) for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors set forth in 18 U.S.C. § 3553(a), the motion is denied after complete review of the motion on the merits, and of the Government's Response.

The Defendant has not shown extraordinary and compelling reasons for a sentence reduction. Further, the 3553 factors do not support the granting of his motion. The motion is therefore denied.

**Background**

On August 17, 2022, Elberto Roy Trevino Jr aka Lil Roy was named in a six-count Indictment filed in the Western District of Texas, San Antonio Division. Count One charged the Defendant with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Counts Two and Three charged the Defendant with Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and 846. Counts Four, Five, and Six charged the Defendant with Possession with

Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C).

On August 30, 2023, the Defendant pled guilty to Counts One and Three of the Indictment. The Pre-Sentence Report scored his criminal history at IV, with a total offense level of 37. On February 14, 2024, he was sentenced to 120 months on count one and 292 months on count three to run concurrently.

He now seeks a sentence reduction, arguing that he has disassociated himself with gangs and undergone rehabilitative efforts while in the Bureau of Prisons, and that his sentence was disproportionate.

First, the Court notes that the Defendant was given a sentence at the low-end of the advisory guideline range of 292-365 months.

The BOP denied his request for a compassionate release, concluding that the Defendant's gang drop out did not qualify for a compassionate release or reduction of his sentence. The Government also opposes the Defendant's request.

**Analysis**

The Government's opposition to the Defendant's motion for compassionate release or reduction of his sentence is structured around three main arguments. Firstly, the Government contends that the Defendant has not demonstrated "extraordinary and compelling reasons" for a sentence reduction as required under 18 U.S.C. § 3582(c)(1)(A). The Government emphasizes that "extraordinary" means "beyond or out of the common order," and "compelling" means to drive or urge with force, which the Defendant has not shown.

Secondly, the Government argues that the Defendant is basically using this motion as a means to relitigate the sentence he was given. Finally, the Government argues that the Defendant's escalating criminal history indicates that he continues to be a danger to the community and the Defendant has failed to rebut that fact.

The Court agrees with the Government that the Defendant has not established an extraordinary and compelling reason for a sentence reduction. After a review of Defendant's case, the Court finds no compelling or extraordinary reasons for a sentence reduction in this case. Otherwise, the Court agrees that the Defendant has not shown that he is not a danger to the safety of any other person or the community. In sum, the nature and circumstances of Defendant's offense do not justify a reduced sentence. Reducing Defendant's sentence will not adequately reflect the seriousness of his offense, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes.

**Conclusion**

IT IS THEREFORE ORDERED that the Motion for Sentence Reduction (Dkt. No. 73) is DENIED.

IT IS SO ORDERED.

**SIGNED** this 26th day of July, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE